*363 OPINION AND ORDER
This is an appeal of denial of a Petition for Writ of Habeas Corpus. We affirm in accordance with the following. Appellant John Myrick was arrested on Wednesday June 12, 2018, at approximately 10:24 p.m. on the charge of Robbery in violation of Fort Peck Tribes Comprehensive Code of Justice, (“CCOJ”), Title VII, Chapter 3, Section 321, in connection with events that occurred that evening. The next day, Thursday June 13, 2013, the Tribal Prosecutor filed an Affidavit of Probable Cause and a proposed Order to Hold. The Tribal Trial Court granted the request and set the arraignment for Monday July 17, 2013. The Order states in part, “That Probable Cause is found to hold the above named Defendant on the criminal offenses listed above until arraignments on June 17, 2013 at 1:00 p.m.”
The CCOJ provision governing Habeas Corpus proceedings, Title IV Chapter 4, § 404 provides:
Sec. 404. Habeas corpus.
Relief by habeas corpus proceedings shall be granted whenever it appears to the Court that any person is unjustly imprisoned or otherwise unlawfully deprived of his/her liberty. Upon the filing of the complaint the Court shall issue a writ directed to the defendant commanding him/her to bring the person alleged to be restrained before the Court at a time and place therein speci-fled, at which time the Court shall proceed to hear the matter and render judgment accordingly.
The Tribal Trial Court held a hearing on Appellant’s Petition for Writ of Habeas Corpus on June 21, 2013. On June 24, 2013, the Trial Judge issued an order denying the Petition.
According to CCOJ Title VI, Chapter 4, Section 401, arraignment “shall be held without unnecessary delay after the accused is taken into custody and in no instance shall arraignment be later than the next regular session of court.” Neither Section 401 nor any other provision of the CCOJ defines the phrase “regular session of court.” Appellant contends that the next regular session was Friday June 14, 2013. The Affidavit of Probable cause asks that Appellant Parker be held, “until the next scheduled arraignment day of June 17, 2013”, the following Monday. In view of the lack of a clear definition of “regular session of court” and the status of habeas corpus; as an “extraordinary” remedy, we do not find grounds to reverse the decision of the Tribal Trial Court. Further, while the writ of habeas corpus is an essential protection of the; right to liberty without unreasonable restraint, the record does not support a finding of unnecessary delay within the meaning of Section 401.
IT IS NOW, THEREFORE, THE ORDER OF THIS COURT:
The Petition for Review of denial of the writ of Habeas Corpus is denied.